The Supreme Court affirmed the decision of the court below on May 21, 1877, in the following opinion :
Per Curiam.
The decisions of this court have settled it as the true interpretation of the act relating to appeals from awards of arbitrators that the appellant must actually pay the costs in money. In Carr vs. McGovern, 16 P. F. Smith, 457, Chief Justice Thompson said, that the want of payment of the costs taxed was an incurable defect, and that the costs must be paid in cash as said in Ellison vs. Buckley, 6 Wright, 281. So in Walker vs. Graham, 24 P. F. Smith, 35, Justice Williams said the Prothonotary has no right to accept any thing but money or cash in payment of costs. This is not a mere dictum, but it is said in determining the meaning of the law, and therefore that no valid appeal can be taken if the costs are paid by note, check, draft, charge to the attorney, or any thing but actual cash. In the case before us the Prothonotary had collected in a great many cases costs and fees which belonged to Mr. Smith, the attorney of the appellant. He owed these to Mr. Smith, as he states himself. He stated them in an account between himself and Mr. Smith, and in this account gave credit to Mr. Smith for the costs upon the appeal. This was the transaction in fact, as shown by the testimony of the plaintiff in error. We have a case, therefore, where the Prothonotary substituted his indebtedness to Mr. Smith to the amount of $19.31, the costs on the appeal, in lieu of cash. The costs were not paid in actual money, also the whole argument is to show us that, because the Prothonotary had, at sundry times, in *180 small sums, and in various cases, received money on other accounts belonging to Mr. Smith; this is equivalent to a payment of money in this case. The.fact that he was debtor to Mr. Smith as Prothonotary — that is, received Mr. Smith’s money in that capacity — does not alter the case; the fact remains that he subsisted the sums received for account of Mr. Smith, viz., his own debt, for payment of money in this case. Now, unless we reverse the interpretation heretofore given to the law, that it means pay ment of the costs in money, and not in any kind of credit or representation of money, we must hold here that the alleged payment was not good.
Order affirmed.
Note. — But where the record states that the costs have been paid ; evidence dehors cannot be resorted to, in order to show that they are paid by check; Rice vs. Constein, 89, Penna. State Rep., 477.